**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUAN TURNER, | : | |
| | : | |
| Petitioner, | : | Civil Action No.: 12-5224 (FSH) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JEFFREY CHIESA, et al., | : | |
| | : | |
| Respondents. | : | |

APPEARANCES:

    JUAN TURNER, Petitioner *pro se*
    #499745/639531-C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

HOCHBERG, District Judge

This matter is before the Court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Juan Turner, challenging his September 2004 New Jersey state court judgment of conviction.  Presently, Petitioner seeks a stay and abeyance of this federal habeas action so that he may exhaust his state court remedies.  (Dkt. # 2.)  For the reasons stated below, Petitioner's motion for a stay and abeyance will be denied, and the Court will direct Respondents to answer the habeas petition.

## I. BACKGROUND

Petitioner is a convicted state prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey. Petitioner is challenging his New Jersey state court conviction entered on September 27, 2004, in the Superior Court of New Jersey, Essex County, after a jury convicted him on charges of first degree murder, third degree unlawful possession of a weapon (handgun), and second degree possession of a handgun for an unlawful purpose. He was sentenced to life imprisonment. (Petition, ¶¶ 1-6.)

Petitioner filed a direct appeal from his sentence and conviction before the Superior Court of New Jersey, Appellate Division. The Appellate Division affirmed the sentence and conviction on September 14, 2007. The New Jersey Supreme Court denied certification on November 16, 2007. *State v. Turner*, 193 N.J. 223 (2007). Petitioner did not file a petition for certiorari with the United States Supreme Court. (Petition, ¶¶ 8-9.)

On January 29, 2008, Petitioner filed a petition for post-conviction relief ("PCR") in state court, alleging 21 claims of ineffective assistance of counsel, including allegations of trial counsel's failure to call exculpatory witnesses and an alibi witness. The PCR court denied relief on August 6, 2009. Petitioner then filed an appeal from denial of his state PCR petition. The Appellate Division affirmed the PCR court's decision on July 27, 2011.

(Petition, ¶ 11.)  *See also State v. Turner*, Docket No. A-3433-09T3, 2011 WL 3107785 (N.J. Super. A.D., Jul. 27, 2011).  The New Jersey Supreme Court denied certification on January 13, 2012.  *State v. Turner*, 209 N.J. 98 (2012).

On March 4, 2010, Petitioner filed a motion for a new trial in state court based on newly discovered evidence and actual innocence.  The motion was dismissed without prejudice on December 23, 2010, on the ground that the state trial court lacked jurisdiction to entertain the motion pending the decision of Supreme Court of New Jersey on the petition for certification from denial of the first state PCR petition.  (Pet., ¶¶ 11(b), (d), (e).)  As shown above, the New Jersey Supreme Court denied certification on the PCR appeal on January 13, 2012.  It appears that Petitioner did not re-file his motion for a new trial with the state trial court.

On or about August 20, 2012, Petitioner timely filed this § 2254 habeas petition.  He raises the following grounds for relief:  (1) the trial judge erred in denying defense counsel's request for a mistrial after misinforming the jury as to defense counsel's comments in summation; (2) the trial judge erred in denying the defense motion for a new trial based on a claim that the jury verdict was against the weight of the evidence; (3) the sentence was excessive; (4) prosecutorial misconduct; (5) the denial of the state PCR petition should be remanded for an evidentiary hearing because a prima facie

3

case of trial counsel's ineffectiveness was established; (6) numerous claims of ineffectiveness of trial counsel; (7) ineffective assistance of PCR counsel; (8) ineffective assistance of trial and PCR counsel; and (9) the trial court committed reversible error in denying Petitioner's right to represent the truth of the record and an evidentiary hearing.  (Pet. at pp. 9-33.)  Petitioner contends that all of these issues were exhausted in state court.

On or about September 28, 2012, Petitioner filed a motion seeking a stay and abeyance of this federal habeas petition so that he could exhaust his state court remedies with regard to his motion for a new trial based on new evidence and actual innocence.  (Dkt. # 2-2.)  This motion generally states that the newly discovered evidence consists of "several affidavits from witnesses which support: petitioner's 'Actual Innocence' claim as well as claims of ineffective assistance of counsel by trial an [sic] PCR attorneys." (Dkt. # 2.)  The motion does not provide the names of the witnesses or their purported affidavits.

On December 10, 2012, Petitioner responded to this Court's Order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).  Petitioner indicates that he wishes to proceed with his habeas petition "as is" in the event this Court denies his motion for a stay and abeyance.

4

## II.  ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009).  The courts of a state must be afforded the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012); *see also Rose*, 455 U.S. at 516–18; *Leyva v. Williams*, 9504 F.3d 357, 366 (3d Cir. 2007).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  *See Rose*, 455 U.S. at 519; *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Further, to satisfy the exhaustion requirement, a petitioner must fairly present all of his federal claims to the state's highest court before proceeding in federal court.  *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012); *see also* 28 U.S.C. § 2254(c)("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available

5

procedure, the question presented"). The petitioner bears the burden of proving all facts establishing exhaustion. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. *Rose v. Lundy*, 455 U.S. at 522; *Banks v. Horn*, 126 F.3d 206, 212-14 (3d Cir. 1997). However, because the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] is not statutorily tolled by the premature filing of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004)(referencing petitions

---

1 Title 28 U.S.C. § 2244(d)(1)(A) provides for a one-year period of limitations from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, subject to various statutory and equitable tolling considerations. Recently, the Supreme Court held that a claim of actual innocence can overcome this federal habeas time, but only when petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins,* No. 12-126, 569 U.S. ----, 2013 WL 2300806 at *12 (May 28, 2013).

containing both exhausted and unexhausted claims).  *See also Heleva*, 581 F.3d at (holding that a petition could be eligible for stay even where only unexhausted claims are asserted).  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  *Crews*, 360 F.3d at 154.  The Third Circuit also has noted that a *pro se* petitioner is not likely to foresee the exhaustion issue on his own or to know how to avoid it.  *Urcinoli v. Cathel*, 546 F.3d 269, 276 (3d Cir. 2008).

Thus, district courts "ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, ---U.S. ----, ----, 133 S.Ct. 696, 708, 184 L.Ed.2d 528 (2013)(quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005)).  While AEDPA "does not deprive district courts of [this] authority ... it does circumscribe their discretion.  Any solution to this problem must ... be compatible with AEDPA's purposes."  *Rhines*, 544 U.S. at 276.  In addition, where a stay is warranted, a district court "should place reasonable time limits on a petitioner's trip to state court and back," since "[w]ithout time limits [on stays], petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review."  *Id*. at 277-78.

In line with AEDPA's purposes, the Supreme Court held that a stay and abeyance should be available only in limited circumstances. Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Rhines,* 544 U.S. at 277.

In this case, Petitioner has requested such a stay so that he can exhaust, in state court, his claim that affidavits from several witnesses can prove his actual innocence.  However, Petitioner does not disclose to the Court the names of the witnesses or their purported affidavits.  Further, though Petitioner states that it is "newly discovered" evidence, he provides no information as to when it was discovered.  It would appear that the newly discovered evidence was known to Petitioner at the time he filed his first state PCR petition, as similar claims regarding trial counsel's failure to present exculpatory and alibi witnesses were alleged in the state PCR proceedings. *See Turner*, 2011 WL 3107785, at *2.  It also appears that this information was known to Petitioner in March 2010, when he filed a motion for a new trial based on new affidavits showing actual innocence.  Finally, Petitioner has not provided this Court with any evidence suggesting that the allegedly unexhausted claims

8

are potentially meritorious.  Under these circumstances, this Court cannot find good cause to stay this proceeding in order to permit Petitioner to return to state court to pursue his allegedly unexhausted claim.  The motion for a stay and abeyance is denied accordingly.

As Petitioner has informed the Court that he wishes to proceed with his habeas petition "as is," (see Dkt. # 4), the Court will direct the Respondents to provide an answer to the claims set forth in the habeas petition.

## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion for issuance of a stay and abeyance.  The Court will direct the Respondents to provide an answer and the relevant record in response to the allegations contained in the petition in the manner as prescribed by this Court in an accompanying Order filed herewith.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge